OPINION HEADING PER CUR 









                NO. 12-07-00299-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

AARON THOMPSON,         §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.        

 

SONIA THOMPSON BRIDGES
VINCENT,         §                      JUDICIAL DISTRICT COURT OF

CHARLES
R. THOMPSON, DOROTHY

HOPKINS,
JIMMY LEE THOMPSON,

JOYCE
REED, MARY THOMPSON,         

KIMBERLY
BARKSDALE COVERT,

AND
DARRYL BARKSDALE,

APPELLEES §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                            

MEMORANDUM
OPINION

            Aaron Thompson (“Appellant”) appeals the trial court’s
order requiring the sale of 43.07 acres in Anderson County, Texas and the
distribution of the proceeds to Appellant and Sonia Thompson Bridges Vincent,
Charles R. Thompson, Dorothy Hopkins, Jimmy Lee Thompson, Joyce Reed, Mary
Thompson, Kimberly Barksdale Covert, and Darryl Barksdale (“Appellees”).  Appellant presents eleven issues for our
review.  We affirm.

 

Background








            In 1963, George Lee Thompson died intestate.  In 2003, his widow, Iva Pearl Thompson, died
leaving a will.  At the time of their
deaths, George Lee Thompson and Iva Pearl Thompson owned 43.07 acres in
Anderson County, Texas.  Appellant and
Appellees are the heirs of George Lee Thompson and the devisees in Iva Pearl
Thompson’s will.  Appellant filed a
motion seeking relief against Sonia Thompson Bridges Vincent, in which he
opposed the probate of Iva Pearl Thompson’s will, contested its validity,
and  objected to the sale of the 43.07
acres.  Appellee Sonia Thompson Bridges
Vincent filed an answer denying Appellant’s allegations, and all appellees
filed a counterclaim seeking partition of the 43.07 acres.  Alternatively, if the property was not
susceptible to division in kind, Appellees requested that the 43.07 acres be
sold and the proceeds be divided among the heirs and devisees.  

            On August 3, 2007, the trial court held a hearing on
Appellees’ counterclaim.  Sonia Thompson
Bridges Vincent and Appellant testified. 
At the conclusion of the hearing, the trial court ordered that the 43.07
acres be sold and that the proceeds be distributed to Appellant and Appellees
in accordance with their proportional interests as determined by the
court.  Appellant timely appealed that
order to this court. 

 

Order of Sale

            Appellant’s brief lists eleven issues in its attack on
the trial court’s order.  We have
carefully reviewed all eleven issues presented to us by Appellant.  None of the issues, even being liberally
construed, attack the trial court’s order that the  43.07 acres be sold.  See Tex.
R. App. P. 38.1(e) (“The brief must state concisely all issues or points
presented for review.  The statement of
an issue or point will be treated as covering every subsidiary question that is
fairly included.”)  

            All of Appellant’s issues contest the validity of Iva
Pearl Thompson’s will and oppose the probate of her estate.  No judgment or order regarding the validity
of her will or probate of her estate is in the record before us.  The record does not even contain a copy of
her will.  In its hearing on August 3,
2007, the trial court considered only Appellees’ counterclaim for partition of
the 43.07 acres.  An appellate court
cannot reverse a trial court’s judgment absent properly assigned error. Pat
Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990).  In the case before us, Appellant failed to
present any issues challenging the trial court’s order.  Thus, we cannot consider Appellant’s eleven
issues because they have no correlation to the order before us.  See Tex.
R. App. P. 34.5(a)(5).  Therefore,
we overrule Appellant’s eleven issues.

 

Disposition

            The order of the trial court is affirmed.

 








 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

 

 

Opinion
delivered April 16, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)